In the Matter of the Application of REUBEN J. STRAUSS, Petitioner, for an Order against WILLIAM A. HANNIG and Others, as Members of the Board of Examiners of the Board of Education of the City of New York, Respondents.

Supreme Court, Special Term, New York County, July 11, 1938.

*George Dyson Friou*, for the petitioner.

*William C. Chanler, Corporation Counsel [Arthur Bainbridge Hoff, Jr.,* of counsel], for the respondents.

SCHMUCK, J. Stripped of immateriality and technicalities, the right of the petitioner to relief depends on whether the board of examiners exceeded their authority in holding that a heart affliction rendered petitioner physically unfit for the position of teacher in the high schools of the city. There can be no doubt that the physical test was conducted in accordance with the requirements of article 5 section 6, ot the Constitution of the State of New York and section 871 of the Education Law. The objection that the test

imposed on petitioner was not competitive is of no force, for there is nothing in the law regarding civil service positions which demands that all examinations be competitive or that all parts of a competitive examination be of such character. But there is considerable persuasiveness in the contention that the degree of physical fitness required of petitioner was unreasonable and that his ailment should have been disregarded in view of the fitness and stamina displayed by him for some years previous.

There is a wide difference between the possession of power and the exercise of power, and the principles of law applicable to the one are not relevant to the other. The vested power of the respondents is not such that the exercise thereof is immune from review by the courts. It is needless to cite authority, for the principle of law has been too long promulgated that the exercise of power such as is here being considered must be done in a reasonable and logical manner and not capriciously, arbitrarily or absurdly. While great reliance should be and is given to medical opinion concerning human ailments, yet it is common knowledge that the science of medicine is not universally accurate and the opinion of physicians is not infallible. It is not rare to find physicians in error or members of the medical profession disagreeing in opinion and diagnosis. In regard to petitioner's heart ailment, concerning which there is no dispute, there is an irreconcilable difference of opinion as to its effect upon the ability of petitioner to perform the duties of a teacher of economics and economic geography. The court confesses himself unable to decide that question upon the contradictory statements of the eminent physicians whose affidavits have been submitted, for there is no reason to accredit respondents' experts more than petitioner's. In view of the strenuous athletic exercises and pastimes indulged in by the petitioner without ill effects to him, there is some foundation for the indictment that the respondents' experts were in error and the refusal of a license to him capricious and arbitrary. In passing, it may be remarked that no calamity will be invited by granting a license to petitioner, for should it develop that the affliction unfits him for duty he can be forced to retire without loss to the board of education, for before he can participate in the pension fund he must have served at least fifteen years. If petitioner fulfills this requirement, common sense negatives any idea of present physical unfitness, medical opinion to the contrary notwithstanding. Therefore, in the exercise of the authority vested in the court by section 1283 *et seq.* of article 78 of the Civil Practice Act, it is held that petitioner is entitled to an alternative order to compel the respondents to certify petitioner's successful effectuation of the examination for day high school teacher in economics and economic geography. Settle order.